# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-01442-CDP |
| UNITED STATES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Clint Phillips, III's application to proceed in the district court without prepayment of fees and costs. The Court will grant the application. Furthermore, on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss Plaintiff's complaint as frivolous pursuant to the Supreme Court's decision in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B)(i), the Court must conduct an initial review of a complaint that was filed by an indigent plaintiff. The Court must dismiss the complaint or any portion thereof if it is frivolous or malicious. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

## The Complaint

Plaintiff has filed a six-page handwritten document that the Court will construe as a civil complaint brought under 42 U.S.C. § 1983. Plaintiff sues the United States, the City of Bellefontaine Neighbors, the Mayor of Bellefontaine Neighbors, Abbot Ambulance, Ruler Foods, several unidentified police officers, the State of Missouri, and the trustees of Green Acres. He alleges claims of false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, deceit, and tortious interference with contract.[1]

Plaintiff's complaint is difficult to review because it alleges several violations occurring over the course of several months against several unrelated defendants. He alleges that on November 2, 2023, his doctors issued him a 96-hour involuntary hold. He alleges several people conspired to effectuate this hold, including many police officers and doctors, the ambulance company, and the City of Bellefontaine Neighbors. Another allegation concerns events on March 5, 2023, during which Plaintiff states that VA police seized his property and stole a $747 million dollar lottery ticket. He requests $10 billion in relief plus the $747 million dollars that was allegedly taken.

Many of Plaintiff's allegations involve identity theft by the local and federal government. At another point in the complaint, Plaintiff sues the police for stealing his receipt from Ruler Foods and arresting him. Finally, he invokes the Third Amendment against the Trustees of Green Acres, stating that he allowed "quarters in my home" who stole his identity.

---

[1] Plaintiff is well-known to the Court. Recently, the Court has been denying his motions to proceed in forma pauperis because he is a "three striker" under § 1915(e). *See, e.g.*, *Phillips v. Officer Unknown Bittick*, No. 4:24-cv-185-JMB (E.D. Mo. Feb. 5, 2024). Here, however, it appears that Plaintiff was not incarcerated at the time he filed this action, and therefore § 1915(e) does not apply.

On December 22, 2023, Plaintiff filed an eleven-page handwritten document titled "Complaint," which was docketed by the Court as a "Supplement to the Complaint." *See* ECF No. 3. The Court will refer to this document as the second complaint. Plaintiff did not include any case number on the second complaint. The second complaint arises out of a domestic assault on an unknown date. Plaintiff seeks to sue several additional Defendants, including Officer Bittick, Barnes-Jewish Psychiatric Care Center, Officer Ewing, Officer Lawton, Unknown Clerk of Court, St. Louis County, and Christian Northeast Paramedics.[2]

Plaintiff lists twenty-one claims in the second complaint: false arrest, false imprisonment, malicious prosecution, unreasonable arrest, excessive force, double jeopardy, false light/civil commitment/false [pretense], spoliation of evidence, deliberate indifference, specific intent, abuse of process, abuse of discretion, abuse of police power and authority, prosecutorial misconduct, deprivation of life, liberty, and property, conspiracy, illegal transport, illegal detention, selective enforcement, negligence, and intentional infliction of emotional distress. He states the second complaint is "based on data from St. Louis County case 23SL-CR12878," which appears to be unavailable on Missouri's state court docketing system, Missouri Case.net.

## Discussion

Based on the complaint filed November 9, 2023, the Court finds Plaintiff's claims lack an arguable basis in either law or fact, and are frivolous. Any legal theories Plaintiff has presented are indisputably meritless and his factual allegations are "fanciful," "fantastic," and "delusional."

---

[2] Plaintiff's second complaint is written in pencil, and parts of it are faint. Defendant Christian Northeast Paramedics is listed as a Defendant, but Plaintiff's writing is much fainter when listing this Defendant than it is when listing the others. It might be that Plaintiff tried to erase this Defendant. Because it does not affect the outcome of this case, the Court will assume Plaintiff is suing Christian Northeast Paramedics.

*See Denton* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). Thus, the Court finds that Plaintiff's complaint is frivolous and fails to state viable legal claims.

As to the second complaint, although it is more clear than the first, it appears to involve completely different facts, events, and defendants. Under Federal Rule of Civil Procedure 20, plaintiff cannot join in one action defendants that are not involved in the same transaction, occurrence, or series of transactions or occurrences. *See* Fed. R. Civ. P. 20(a)(2). Nor can defendants be joined in one action if there is no question of law or fact common to all defendants. Plaintiff's second complaint is unrelated to the complaint filed November 9, 2023. Even if the Court were to construe it as a supplement, it violates Federal Rule 20 because it involves different transactions, different defendants, and no common question of law or fact. To the extent Plaintiff seeks to file this second complaint, he shall file it as a new case. The Court will order the Clerk of Court to send him a blank prisoner civil rights complaint form.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a form prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2024.